[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action proceeded upon a complaint and cross complaint in which the parties seek a dissolution of an eleven-year marriage, that was the third marriage of the plaintiff and the second marriage of the defendant.
The court has jurisdiction by virtue of the fact that both parties resided in Connecticut for at least a year immediately prior to the commencement of this action.
Each of the parties brought to the marriage two children of their previous marriages. All four children were between the ages of nine and eleven when the parties were married in Worcester, Massachusetts, on December 15, 1979, and all have now reached the age of majority.
The marriage has broken down irretrievably and there is no prospect of reconciliation. A decree of dissolution of the marriage shall enter.
In acting on the parties' request for a property division and the defendant's request for alimony, the court must be guided by the following considerations as set forth in 46b-81 and 82 C.G.S.:
 . . . the length of the marriage, the causes for the . . . dissolution of the marriage, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of the parties.
Having weighed all the evidence in light of all the statutory considerations, the court further orders as follows: CT Page 2630
1. The defendant shall quitclaim her interest in the marital home to the plaintiff upon receipt of payment in the amount of $36,502.00, a share of the equity which has been reduced to reflect the fact that the defendant has already received certain other marital assets and personal property. The defendant shall pay the full amount of the mortgage to North Park Mortgage Services, Inc. and provide the plaintiff with a release of that mortgage.
2. As to alimony, the court finds that the defendant has demonstrated an ability to earn additional income when she has had enough capital to buy inventory to sell as a cosmetics vendor. Because the property division will provide her with that ability, the court awards alimony in the amount of $30.00 per week until such time as she dies or remarries. This award shall be subject to a contingent wage execution.
3. The parties shall be liable for the debts set forth on their own financial affidavits and each shall hold the other harmless as to any liability for such debts.
4. The defendant's married name, Johnson, shall be restored to her.
5. The parties shall retain the personal property now in their possession, except that the two children's rocking chairs shall be the property of the defendant.
6. Each party shall be responsible for his or her own counsel fees.
BEVERLY J. HODGSON, JUDGE